**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| MURIEL D. BURCH as parent as next best friend of her children Dara Jones, Dale Jones, Dana Jones, Deseree Jones and Laythatcher Jones, all minors, | |
| Plaintiff-Appellee, | No. 00-5072 (D.C. No. 97-CV-898-K) (N.D. Oklahoma) |
| v. | |
| LA PETITE ACADEMY INC., a Delaware Corporation, | |
| Defendant-Appellant, | |
| and | |
| OKLAHOMA COMMISSION FOR HUMAN SERVICES; OKLAHOMA DEPARTMENT OF HUMAN SERVICES, | |
| Defendants. | |

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HOLLOWAY** , and **MURPHY** , Circuit Judges .

This appeal arises from an award of attorneys' fees and trial costs to the

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

plaintiff in a civil rights suit. Defendant La Petite Academy acknowledges plaintiff's right to fees and costs under 42 U.S.C. § 1988, but it contends the amount of those fees is objectively unreasonable. We affirm.

Plaintiff/Appellee Muriel Burch brought the underlying lawsuit on behalf of her five children, alleging employees of La Petite, the children's daycare provider, violated the children's civil rights. The claims included racial discrimination in violation of 42 U.S.C. § 1981, negligent hiring and supervision, breach of fiduciary duty, invasion of privacy, and intentional infliction of emotional distress. Two claims were dismissed prior to trial. Of the remaining four claims, the jury found in Mrs. Burch's favor on discrimination and negligent supervision, awarding $8,500 in actual damages and $150,000 in punitive damages. We upheld those awards on appeal. *See Burch v. La Petite Academy, Inc.*, No. 99-5057, 2000 WL 779909 (10th Cir. June 19, 2000).

Federal law authorizes the prevailing party in a civil rights lawsuit to recover its attorneys' fees and certain trial costs. *See* 42 U.S.C. § 1988. Accordingly, Mrs. Burch filed a post-trial motion seeking approximately $215,000 in attorneys' fees and $9,000 in costs. La Petite objected, claiming these totals were unreasonably excessive. The district court conducted an extensive review of the billing records, weighed the complexity of the legal issues and the customary hourly rates within the local market, and ultimately determined both the hourly rate and number of hours billed was reasonable. With regard to trial costs, the

2

court adjusted the per-page charge for photocopies but otherwise ordered La Petite to pay all requested costs. La Petite appeals. It stresses that plaintiffs prevailed on only two out of six claims and that the award of attorney's fees exceeded the total for both compensatory and punitive damages.

We review the district court's courts decisions on fees and costs for abuse of discretion. *Hampton v. Dillard Dep't Stores, Inc* ., No. 98-3011 et al., 2001 WL 417289 (10th Cir. Apr. 24, 2001). In so doing, we accept the district court's factual findings unless they are clearly erroneous. *Robinson v. City of Edmond* , 160 F.3d 1275, 1280 (10th Cir. 1998). The district court is without doubt the best party to consider questions of reasonableness, since it is familiar with the local market, the complexity of legal and factual issues presented at trial, and the quality of the attorneys' work over the course of trial. *See, e.g., Case v. Unified School Dist. No. 233* , 157 F.3d 1243, 1250 (10th Cir. 1998) (district court to assess "how many hours, in its experience, should have been expended on the specific case, given the maneuverings of each side and the complexity of the facts, law, and litigation"); *Sheets v. Salt Lake County* , 45 F.3d 1383, 1391 (10th Cir. 1995) ("having seen the work of these attorneys, the district court is in a unique position to determine an appropriate fee").

In considering the hours billed, the court attempts to determine "what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Robinson* , 160 F.3d at 1281. The prevailing party has a

3

responsibility to "make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. (internal quotation omitted). Here, the district court "extensively reviewed the almost 40 pages of contemporaneous billings" and found the hours expended on each task were not unreasonable. App. at 165. The court noted in particular that plaintiff's attorneys did not bill over one hundred hours of time from the last three days of trial and refrained from billing any of the time spent on the motion for fees and costs. *Id*. at 165 & n.5. We are not persuaded the court abused its discretion in determining the hours were reasonable.

In considering the hourly rate, the court must look to "what the evidence shows the market commands for civil rights or analogous litigation." *Case*, 157 F.3d at 1255. The district court reviewed the billing rates in detail, setting out the relevant experience of each attorney and comparing his or her fee to local market rates. App. at 166-67. The court considered La Petite's evidence of the average hourly rate billed by attorneys in the state of Oklahoma, and distinguished the rates billed in this case based on attorney expertise and the difference between the urban rates at issue and lower rural rates that affect the statewide average. *Id*. Given the court's careful consideration of the issue and superior knowledge of the local market, we again find no abuse of discretion.

La Petite challenges the district court's decisions in part because Mrs. Burch prevailed on only two of her six causes of action. We have held, however,

4

that such arguments are "legally indefensible [where] all of the unsuccessful claims were intertwined with the successful claims through a common core of facts or related legal theories." *Robinson*, 160 F.3d at 1283; *see also Hampton*, 2001 WL 417289 (refusing fee reduction despite partial success where all claims stemmed from same facts). In order to allow litigants the "breathing room" necessary to raise alternative legal grounds that seek the same result, we focus on the actual result of the trial rather than dividing attorney's fees by the number of successful claims. *Robinson*, 160 F.3d at 1283. All of plaintiff's claims in this case were alternative legal theories seeking compensation for a single set of injuries based upon a single set of facts. In receiving both compensatory and punitive damages, Mrs. Burch successfully reached her intended goal of holding La Petite responsible for the violation of her children's civil rights. The district court did not abuse its discretion in refusing to reduce the fee award based upon the success rate of the alternative legal claims.

Finally, with regard to costs, we have considered La Petite's arguments and the conclusions of the district court, and again we find no abuse of discretion.

We **AFFIRM** the total award of fees and costs.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge